**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **ROBERT I. UNANUE,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 4:25-cv-03573** |
| **GOYA FOODS, INC., and FRANCISCO R. UNANUE,** | |
| **Defendants.** | |

**DEFENDANT FRANCISCO R. UNANUE'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) AND 12(B)(3) OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A)**

Defendant Francisco R. Unanue ("Frankie") hereby moves for dismissal of all claims brought by Plaintiff Robert I. Unanue ("Bob") under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), because the United States District Court in the Southern District of Texas, Houston Division, lacks personal jurisdiction over Frankie, and is an improper venue for the present action (the "Motion"). Alternatively, Frankie moves for an order transferring this matter to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404(a), because it is a proper venue, that has personal jurisdiction over all parties, would best serve the interests of justice, and be most convenient for the parties and witnesses.

**INTRODUCTION AND INCORPORATION**

Frankie is a resident of Florida and has no ties to Texas. (Doc. 1, ¶ 10.) Unanue is currently the co-President of Goya Foods, Inc. ("Goya"), which is incorporated in Delaware and headquartered in New Jersey. (Ex. 1, Unanue Decl. ¶¶ 1,4.) Now, by virtue of Frankie's employment by Goya, Bob attempts to drag Frankie into litigation in the Southern District of Texas, despite the fact Frankie never performed any duties of his employment in the State of Texas,

- 1 -

and that Frankie does not have the required minimum contacts with the State of Texas.  Indeed, Frankie is a resident of Florida. (Doc. 1, ¶ 10; Ex. 1, ¶¶ 2-3, 5.)  He has never resided, owned property, registered to vote or held a driver's license, or otherwise availed himself of the protections of Texas law. (*Id.* at ¶ 5.)

Clearly, the Southern District of Texas lacks personal jurisdiction over Frankie. Frankie also joins Goya's arguments regarding venue in Goya's contemporaneously filed Motion to Dismiss (the "Goya Motion").

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Frankie incorporates by reference the facts asserted in the Procedural Background and Factual Background sections of the Goya Motion.

**LEGAL ARGUMENT**

**I.    The Southern District of Texas is an Improper Venue for the Present Action.**

Frankie joins Goya in all improper venue arguments asserted in the Goya Motion.

**II.    The Southern District of Texas does not have Personal Jurisdiction over Frankie.**

A lawsuit must be dismissed if personal jurisdiction is lacking. Fed. R. Civ. P. 12(b)(2). On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a *prima facie* case for the court's jurisdiction over a nonresident defendant.  See *Ham v. La Cienga Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

Texas federal courts sitting in diversity may only exercise personal jurisdiction over a nonresident if it is amenable to process under Texas's long-arm statute and exercising jurisdiction comports with the Due Process Clause of the United States Constitution.  TEX. CIV. PRAC. & REM. CODE §§ 17.041-17.045; *Allscape Clearing and Maint., Inc. v. Ranken Energy Corp.*, No. 6:13-CV-0027, 2013 WL 5352705, at *2 (S.D. Tex. Sept. 23, 2013).

A defendant's contacts with the forum state must be such that the defendant "should reasonably anticipate being hailed into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There are two theories under which a defendant's contacts with the forum state are analyzed – general and specific jurisdiction.  See *Walden v. Fiore*, 577 U.S. 277 (2014).  Analysis under general jurisdiction focuses only on whether there are continuous and systematic contacts between the defendant and the forum, such that the defendant is "at home" in the forum, regardless of the cause of action.  *Id*.  In contrast, analysis under specific jurisdiction focuses on the cause of action, the defendant, and the forum and whether the connection between them is such that the defendant purposefully availed itself of the laws of the forum state. *Id.*

**A.     The Southern District of Texas does not have general personal jurisdiction over Unanue.**

A Court has general jurisdiction when defendant has engaged in "continuous and systematic" activities within the forum state, even if the cause of action is unrelated to the defendant's contacts.  *Goodyear Dunlop Tires Opers. v. Brown*, 564 U.S. 915 (2011).

General jurisdiction can be assessed by evaluating the defendant's contacts with the forum state over a reasonable number of years, up to the date the suit was filed.  *Johnston v. Multidata Systems Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008).  The standard for general jurisdiction is considerably more stringent than the standard for specific jurisdiction, in that it requires the defendant to be "essentially at home in the forum." *Johnston*, 523 F.3d at 610.

Individuals are subject to general jurisdiction in the place of their domicile. *Final Expense Direct v. Python Leads, LLC*, 689 F. Supp. 3d 430, 435 (S.D. Tex. 2023) (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-59 (2021)). Here, Frankie is a resident of Florida. (Doc. 1, ¶ 10.) Bob alleges *no* other facts, occurrences, omissions, or property tying Frankie to

Texas. (*See* Doc. 1.) This is because no such ties exist. (*See* Ex. 1, ¶ 3.) Thus, Bob fails to show that this Court has general personal jurisdiction over Frankie.

    **B.**    **The Southern District of Texas does not have specific personal jurisdiction over Frankie.**

To satisfy Due Process requirements for specific jurisdiction over Frankie, Bob must show: (1) Frankie purposefully directed his activities or availed himself of the privilege of the forum state; (2) Bob's claims arise out of or relate to Frankie's contacts with the state; and (3) the exercise of personal jurisdiction is fair and reasonable. See, e.g., *Garcia Hamilton & Assocs., L.P. v. RBC Capital Markets, LLC*, 466 F.Supp.3d 692, 701 (S.D. Tex. 2020); *Carmona v. Leo Ship Mgmt.*, 924 F.3d 190, 193 (5th Cir. 2019).

"As to the first and second prongs [of specific jurisdiction], 'there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Rawls v. Old Republic Gen. Ins. Grp., Inc.*, 489 F. Supp. 3d 646, 661 (S.D. Tex. 2020) (citing *Zoch v. Magna Seating (Ger.) GmbH*, 810 Fed.Appx. 285, 288 (5th Cir. 2020). Without an explicit connection to the forum state and the cause of action asserted, specific jurisdiction is lacking regardless of the extent of "defendant's unconnected activities in the [forum] State." *Id*.

Bob offers no ties between any actions of Frankie in Texas and the events underlying Plaintiff's causes of action. (*See* Doc. 1.) Indeed, during Frankie's twenty-five years of employment for Goya, none of his duties were performed in Texas. (Ex. 1, ¶¶ 2, 5.) In short, there is no connection between Bob's claims and Texas, and Frankie never purposefully directed any activities at the state of Texas. Thus, Bob has failed to establish specific personal jurisdiction over Frankie.

**III.** **Alternatively, if This Dispute is not Dismissed, it Should be Transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).**

Frankie joins Goya in all transfer of venue arguments asserted in the Goya Motion.

### CONCLUSION

For the foregoing reasons, Unanue respectfully requests the Court dismiss Plaintiff's Complaint, or alternatively, transfer this matter to the District of New Jersey.

Dated: October 15, 2025.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/Michael J. Rudd*
Daniel J. Madden
Texas Bar No. 24002513
Fox Rothschild LLP
2501 N Harwood Street, Suite 1800
Dallas, TX 75201
PH: (214) 231-5787
EM: dmadden@foxrothschild.com

Michael J. Rudd
Admitted to the Western District of Texas -
Missouri Bar No. 71591
Fox Rothschild LLP
4900 Main Street, Suite 150
Kansas City, MO 64112
PH: (816) 919-7909
EM: mrudd@foxrothschild.com

**Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 15, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF System, which will send a notice of filing to the following:

**Lawson and Moshenberg PLLC**

Nicholas R. Lawson
Texas Bar No. 24083367
Nick.Lawson@lmbusinesslaw.com
2301 Commerce St., Suite 200,
Houston, TX 77002
(903) 316-9155

**Harder Stonerock LLP**

Ryan J. Stonerock
*Pro Hac Vice* forthcoming
Dilan Esper
*Pro Hac Vice* forthcoming
RStonerock@harderstonerock.com
DEsper@harderstonerock.com
6300 Wilshire Blvd., Suite 640,
Los Angeles, CA 90048
(424) 203-1600

**FMS Lawyer PL**

Frank M. Smith
*Pro Hac Vice* forthcoming
Frank.Smith@fmslawyer.com
P.O. Box 219
Fort White, FL 32038-0219
(954) 241-6947

**Attorneys for Plaintiff**

/s/ Michael J. Rudd
Michael J. Rudd